IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
PENNSYVLANIA

IN RE:                                          :

JENNIFER J. PEARSON-MILLS    :        15-19120

    Debtors                                :        Chapter 13

# THIRD AMENDED CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum **of $1,792.62, per month for the next forty-four (44) months.**

   Total of plan payments: **$112,932.84**

   Total of payments made to Trustee as of April 30, 2017:    **$34,057.59**

2. <u>Plan Length</u>:  The entire plan is estimated to be for **60** months

3. Allowed claims against the debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make

disbursements as follows:

a. Administrative Expenses

   **(1)** Trustee's Fee:  not more than **10.00%**

   (2) Attorney's Fee (unpaid portion):

       **a.**    **Jonathan J. Sobel, Esquire: $2,200.00**

   **(3)** Filing Fee (unpaid portion):  **NONE**

b. Priority Claims Under 11 U.S.C. § 507

   (1) Domestic Support Obligations

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows.  See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

       **Brian Weaver**
       **431 East Montana Street**
       **Philadelphia, PA 19119**

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same times as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executor contracts.

Creditor (Name and Address)    Estimated arrearage claim      Projected monthly arrearage payment

**-NONE-**

   (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed

4

to, or recoverable by a government unit.

Claimant and proposed treatment: **NONE**

    (2)    Other Priority Claims to be paid through the Plan:

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
| Pennsylvania Dept. of Revenue | $712.30 | 3% [Claim No. 3] |
| Commonwealth of Pennsylvania UCTS | $310.36 | 0% [Claim No.1] |
| City of Philadelphia | $6,995.49 | 0% [Claim No.9] |
| Internal Revenue Service | $6,892.87 | 0% [Claim No. 12] |

    c.    Secured Claims

Holder of allowed secured claims shall retain their liens securing such claims and shall be paid through the Chapter 13 Plan, as follows:

    (1)    Mortgage Arrears – Wells Fargo ($5,605.92) – Claim No. 7

    (2)    Mortgage Arrears – Wells Fargo ($37,269.97) – Claim No. 8

    (3)    Pennsylvania Department of Revenue ($2,203.00) – Claim No. 3

    (4)    Philadelphia Gas Works ($990.50) – Claim No. 2

    (5)    Commonwealth of PA – UCTS ($6,367.72) – Claim No. 1.

    (6)    City of Philadelphia – ($14,311.35) – Claim No. 9. (Real Estate Taxes / School Taxes at 9%):
        a.    1454 Greenwood Avenue - $9,130.84;
        b.    7200 Limekiln Pike - $3,342.77;
        c.    1454 Greenwood Avenue - $1,837.74

    (7)    City of Philadelphia – ($3,769.36) – Claim No. 9 (Judgments at 6%)

    (8)    City of Philadelphia – ($290.92) – Claim No. 10.

The following secured creditors will be paid post-petition, outside of the Chapter 13 Plan, according to their secured claims:

    (1)    Wells Fargo Bank, N.A. (first mortgage – 1454 Greenwood Street,

Philadelphia, PA  19150) – Claim No. 6

       (2)       Wells Fargo Bank, N.A. (second mortgage – 7964 Thouron Avenue, Philadelphia, PA  19150)  - Claim No. 7.

       (3)       Bank of New York Mellon f/k/a The Bank of New York – 7200 Limekiln Pike, Philadelphia, PA  - Claim No. 13.

       d.       Unsecured Claims

Any remaining balance shall be 100% to unsecured creditors that file a Proof of Claim in a timely manner:

       (1)       Pennsylvania Department of Revenue ($44.06) – Claim No. 3

       (2)       Philadelphia Gas Works ($700.11) – Claim No. 2

       (3)       City of Philadelphia ($6,408.96) – Claim No. 9

       (4)       Internal Revenue Service ($7,593.33) – Claim No. 12

The following unsecured claim(s) are to be paid outside of the Chapter 13

Plan:

(1) PHEAA ($20,723.16) – Claim No. 4

(2) Navient Solutions, Inc. ($4,605.18) – Claim No. 5

(3) Peco Energy Company – ($4,222.23) – Claim No. 11.

**NONE.  Payments to be directly by debtor without wage deduction.**

(2)       The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| • **Brian Weaver** | **Time Share (Orlando)** |

(3)       Property to Be Surrendered to Secured Creditor:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **Hilton Grand Vacations (Orlando) To Brian Weaver (co-debtor)** | **$1,000.00** | **Time Share** |

4

(4) The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable section of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

**(5)** Title to the Debtor's property shall re-vest in the debtor **on confirmation of a plan.**

(6) As used herein, the term "Debtor" shall include both debtors in a joint case.

(7) Other Provisions:

Date: **APRIL 22, 2017**          Signature     **Jennifer J. Pearson-Mills**